GUSTAVE RADER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26933.    Promulgated February 24, 1930.

*D. B. Jacobs, C. P. A.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

TRAMMELL: It is conceded that the petitioner treated its bad debts for 1921 by claiming a deduction from income for that year wholly by the charge-off method, that is, for debts ascertained to be worthless and charged off. For the taxable years 1922 and 1923, the petitioner claimed deductions for bad debts partly by the charge-off method and partly by the reserve method, that is to say, its deductions consisted in part of debts ascertained to be worthless and charged off, and in part of additions to a reserve for bad debts. The petitioner did not obtain permission from the Commissioner to change to the reserve method.

The respondent allowed the deduction claimed by the charge-off method for 1921, and allowed those portions of the deductions for 1922 and 1923 which represented debts ascertained to be worthless and charged off, but disallowed the amounts claimed on account of additions to reserve for bad debts. For 1924 the petitioner again computed its bad debt deduction wholly by the charge-off method, which was allowed by the respondent.

The Revenue Act of 1921 provides in section 234 (a) (5) that in computing the net income of a corporation there shall be allowed as deductions debts ascertained to be worthless and charged off within

the taxable year, or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts.

The Commissioner, in the exercise of his discretion, provided in Regulations 62, promulgated under the provisions of the Revenue Act of 1921, as follows:

ART. 151. *Bad Debts.*—Bad debts may be treated in either of two ways—(1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part, or (2) by a deduction from income of an addition to a reserve for bad debts. For the year 1921 taxpayers may, regardless of their previous practice, elect either of these two methods and will be required to continue the use in later years of the method so elected unless permission to change to the other method is granted by the Commissioner.

The petitioner contends that it created a reserve for bad debts for the year 1921, and made a reasonable addition thereto. We can not accept the petitioner's argument on this point. The effect of the journal entry of December 31, 1922, was to create a reserve for bad debts of $20,000 by a corresponding charge to surplus as of January 1, 1922; to add to it $30,000 by a direct charge of that amount to profit and loss for that year; and to charge also to profit and loss the amount of $23,151.57 representing customers' accounts which at various times during the year had been transferred to the "bad debt account." The entry can have no possible application to the accounts of 1921, or any effect upon such accounts which had been actually closed almost or quite one year before the entry was made, notwithstanding the memorandum that such a reserve for bad debts had been "contemplated" on January 1, 1921. To concur in that construction of the entry would be to do violence not alone to fundamental accounting principles, but to the facts as well. The entry created a reserve in 1922 for the first time. There was no such reserve in 1921, either actual or constructive.

The petitioner contends in its brief that its action in claiming a bad debt deduction for 1921 by the charge-off method did not constitute an election of that method under the regulation above quoted, for the reason that at the time of making its return for 1921 it had no actual knowledge of the regulation or of its right thereunder. This regulation was made under authority of the statute, and it is not contended that it is arbitrary or unreasonable. Upon consideration of the regulation, we have held that it constitutes a valid exercise of discretion by the respondent. *Kay Manufacturing Co.*, 18 B. T. A. 753.

The fact that the petitioner had no actual knowledge of its right under the above statute and regulation at the time of making its return for 1921, if such be the fact, can not excuse it from the consequences of its act. That act constituted an election of the method pursued in claiming its bad debt deduction, and that method so

16

elected could not thereafter be changed without first obtaining permission of the Commmissioner. One who purports to act under a law, and claims the benefits conferred, can not plead ignorance of the law to avoid a burden imposed, and the same rule applies to regulations promulgated pursuant to and having the force and effect of law. The determination of the respondent is approved. *Kay Manufacturing Co., supra; Ewald & Co.*, 18 B. T. A. 1130.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

SMITH, dissenting: In its income-tax return for 1922, petitioner deducted from gross income on account of debts ascertained to be worthless and charged off within the year $43,295.52. The Commissioner disallowed the deduction of $30,000 of this amount and allowed the deduction for bad debts charged off of only $13,295.52. The findings of fact made by the Board show bad debts charged off in 1922 in the amount of $23,151.57. No contention was raised by the Commissioner at the hearing or at any time that the debts in the amount of $23,151.57 were not ascertained to be worthless within the taxable year. Apparently the petitioner made a mistake in its income-tax return in not claiming the deduction from gross income of the full amount of $53,151.57, namely $23,151.57 for bad debts charged off in 1922 plus $30,000 added to the reserve. Under the decision of the Board in *Kay Manufacturing*, 18 B. T. A. 753, the petitioner was not entitled to the deduction of the amount added to the reserve. There appears to be no reason, however, why the petitioner in this proceeding is not entitled to deduct $23,151.57 representing the amount of the debts actually charged off. I dissent from the decision of the Board in allowing the deduction of only $13,295.52 for debts charged off within the year instead of $23,151.57.