MOMSEN-DUNNEGAN-RYAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34308. Promulgated October 19, 1931.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

BLACK: It appears from the stipulation of facts in this case that for several years prior to 1921 the petitioner had always set up on its books of account a reserve for bad debts, but in making its returns for taxation had claimed deduction for bad debts by the charge-off method, because that was the only method recognized by the revenue acts prior to 1921.

In the Revenue Acts of 1921 and 1924, it is provided that deductions may be taken for " debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

Regulations 62 and 65, article 151, provide in substance that bad debts may be treated in either of two ways—(1) by the charge-off method; and (2) by a deduction from income for a reserve for bad debts. It was further provided that for the year 1921 taxpayers were given an option as to which method they would pursue, regardless of their previous practice, but that ·whichever method was elected for 1921 must be continued for subsequent years unless per-

mission to change to the other method was granted by the Commissioner.

For the year 1922 and subsequent years, petitioner used the reserve for bad debts method on its returns (a system which it had long been using in its books of accounting), which was disallowed by respondent on the ground that petitioner had taken deductions by the charge-off method in 1921 and had not obtained his permission to change to the reserve method.

The question is sharply presented whether or not the petitioner, who deducted bad debts in its return for the year 1921 by the charge-off method, may deduct bad debts for the years 1923, 1924 and 1925, the taxable years before us, by the reserve method when permission to make the change had not been asked or granted by the respondent.

The Revenue Act for 1921 became effective November 23, 1921, and Regulations 62, containing article 151, was published February 15, 1922. Petitioner filed its return for 1921 on March 2, 1922, and at the time of filing said return none of its officers or those connected with petitioner in preparing its tax returns had read or had called to their attention the provisions of Regulations 62 granting taxpayers the right of election between the charge-off method and a reserve for bad debts.

It is insisted by the petitioner that it is not bound by its action, in making its return for 1921 by the charge-off method, because it was not advised of its right of election before filing its return, and because it had kept its books on the reserve for bad debts method, and had filed its income-tax returns in previous years on the actual charge-off method only because the law required it to be done; that, when the law was changed by the enactment of the 1921 Act, petitioner should have automatically filed its return on the reserve for bad debts method; and that its return for 1921, filed on the charge-off method, was erroneously prepared in that manner.

One of the Board's leading cases on the question involved in this proceeding is *Kay Manufacturing Co.*, 18 B. T. A. 753. Most of the contentions made by the petitioner in the instant case were made by the taxpayer in that case and were ruled upon adversely to the contentions now made by petitioner. In *Gustave Rader Co.*, 19 B. T. A. 12, the contention was made by the taxpayer that at the time of filing his 1921 return he had no information of the Commissioner's regulations permitting him an election as to the method of filing his return and hence he should not be bound by the method used in his 1921 return. The Board there said:

The petitioner contends in its brief that its action in claiming a bad debt deduction for 1921 by the charge-off method did not constitute an election of that method under the regulation above quoted, for the reason that at the

time of making its return for 1921 it had no actual knowledge of the regulation or of its right thereunder. This regulation was made under authority of the statute, and it is not contended that it is arbitrary or unreasonable. Upon consideration of the regulation, we have held that it constitutes a valid exercise of discretion by the respondent. *Kay Manufacturing Co.*, 18 B. T. A. 753.

The fact that the petitioner had no actual knowledge of its right under the above statute and regulation at the time of making its return for 1921, if such be the fact, can not excuse it from the consequences of its act. That act constituted an election of the method pursued in claiming its bad debt deduction, and that method so elected could not thereafter be changed without first obtaining permission of the Commissioner. One who purports to act under a law, and claims the benefits conferred, can not plead ignorance of the law to avoid a burden imposed, and the same rule applies to regulations promulgated pursuant to and having the force and effect of law.

See also *Ewald & Co.*, 18 B. T. A. 1130; *Stanford Paper Co.*, 20 B. T. A. 319; *Britton Lumber Co.*, 20 B. T. A. 583; *Bonded Securities Corporation*, 20 B. T. A. 965; *L. V. Estes, Inc.*, 22 B. T. A. 806.

On the authority of the above cited cases, we hold the respondent did not err in disallowing so much of petitioner's deduction for bad debts in each of the taxable years as represented an addition to petitioner's reserve for bad debts. Inasmuch as that seems to be the only point in controversy,

*Decision will be entered for the respondent.*